EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SEVERO TORRES GUZMÁN, acusado y apelante.

Núm. 9665.—*Sometido:* Marzo 15, 1943. *Resuelto:* Marzo 23, 1943.

*Severo Torres Guzmán,* por su propio derecho, compareció por escrito; *R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado y convicto del delito de asesinato y condenado a la pena de reclusión perpetua. Interpuso re-

curso de apelación dentro del término legal, notificó al fiscal del distrito, y alegando su estado de insolvencia solicitó se ordenase al taquígrafo que preparase la transcripción de la evidencia libre de derechos. En julio 31, 1942 la Corte de Distrito de Humacao dictó la orden solicitada, fijando el término de 20 días para su cumplimiento.

En el récord de este caso aparece solamente el legajo de la sentencia, mas no así la transcripción de la evidencia.

Las cuestiones planteadas por el apelante en su alegato son:

■ 1ª. Que la pena de reclusión perpetua que le fué impuesta es excesiva, por cuanto él nunca había sido convicto de la comisión de otro delito.

El veredicto rendido por el jurado en este caso fué "culpable de asesinato en primer grado". La corte sentenciadora no estaba autorizada para imponer otra pena que no fuera la de reclusión perpetua, que es la que ordena el artículo 202 del Código Penal. No erró la corte inferior al imponerla.

■ 2ª. Que el apelante no recuerda si la corte inferior le amparó en sus derechos constitucionales, por cuanto por estar él bajo tratamiento, se encontraba fuera de conocimiento.

Del legajo de la sentencia aparece que en el acto del "arraignment" el acusado estuvo asistido de su abogado Lic. F. R. Aponte, nombrado por la corte. El "arraignment" tuvo lugar el 25 de marzo de 1942 y la corte señaló el juicio para el 23 de abril siguiente, dando así tiempo suficiente al acusado para preparar su defensa. Debemos presumir que el letrado defensor cumplió debidamente con su obligación de defender al acusado. Del récord aparece que el abogado defensor estuvo presente durante el juicio y que sometió a la consideración de la corte un proyecto de instrucciones para ser trasmitidas al jurado. Los derechos constitucionales del acusado estuvieron protegidos debidamente.

*La sentencia recurrida debe ser confirmada.*